NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0300n.06

Case No. 20-6022

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jun 28, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
| CHARLES SKIBBE, | ) | DISTRICT OF TENNESSEE |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) | O P I N I O N |

BEFORE:    COLE, ROGERS, and MURPHY, Circuit Judges.

COLE, Circuit Judge.    Charles Skibbe challenges his 76-month, within-Guidelines sentence as substantively unreasonable. Because the district court reasonably determined that a top-of-the-Guidelines sentence was appropriate after considering all relevant factors, we affirm.

I.

Skibbe pleaded guilty to distribution of methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. He had arranged to meet an acquaintance to trade methamphetamine for a gun in order to kill his ex-girlfriend and "a man with her." But Skibbe's acquaintance was a confidential informant, so after Skibbe arrived at the agreed-upon location and exchanged 3.5 grams of methamphetamine for a .40-caliber pistol, an undercover officer arrested him.

Based on the quantity of methamphetamine Skibbe distributed, his base offense level started at 12 for the drug-trafficking offense. That base level was decreased two levels for acceptance of responsibility and increased two levels for making a credible threat of violence. His total offense level therefore ended where it began at 12. Combined with a criminal history category of I, the Guidelines range for the drug-trafficking offense was 10-16 months. The firearm offense carried a mandatory consecutive sentence of 60 months, resulting in a 70-76 month Guidelines range.

Skibbe did not object to the Guidelines range and requested a sentence of 70 months or below at his sentencing hearing. Skibbe based his variance request on his personal history of addiction, a difficult childhood, and strong work experience. The Government opposed the variance request, arguing that a within-Guidelines sentence would be appropriate because Skibbe had not simply arranged a drug deal; rather, he had traded methamphetamine for a gun in order to kill two people. The district court weighed the § 3553(a) factors and determined that, given the serious nature of Skibbe's offense, a 76-month sentence was appropriate. Skibbe now appeals the substantive reasonableness of that sentence.

## II.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A sentence may be substantively unreasonable if the district court selects it "arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). When a sentence is within the Guidelines range, we typically afford it a presumption of reasonableness. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019).

Skibbe contends that his sentence was greater than necessary because the majority of methamphetamine-distribution sentences in his criminal history category fall below the Guidelines range and the district court failed to give sufficient weight to his background.

First, it is true that over the last several years, Sentencing Commission data show that the majority of methamphetamine-distribution sentences are below-Guidelines for offenders in criminal history category I. U.S. Sent'g Comm'n, Interactive Data Analyzer, *Sentences Relative to Guideline Range* – Drug Type Methamphetamine – CHC I (FY 2015-2020). But Skibbe's case is meaningfully different from those below-Guidelines cases. Unlike 21% of offenders in 2020, Skibbe did not receive a downward departure for providing substantial assistance under § 5K1.1. *Id.* And unlike an additional 23% of offenders, Skibbe did not participate in a § 5K3.1 early disposition program. *Id.* What's more, unlike the average methamphetamine-distribution offender, Skibbe traded drugs for a murder weapon. In light of Skibbe's reasons for trafficking methamphetamine, the court reasonably decided that a 16-month sentence for the drug-trafficking count was more appropriate than a sentence below 10 months. The fact that judges in other cases granted variances does not render Skibbe's sentence substantively unreasonable or out-of-step with similarly-situated defendants. *See United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011) ("[A] below-guidelines sentence . . . is more likely to create disparities than eliminate them.").

Second, contrary to Skibbe's assertions, the district court gave appropriate weight to his personal history. It considered the letters written in his support, his explanation of his distraught state of mind, his family background, his work and criminal history, and all of the remaining § 3553(a) factors. With those arguments in mind, the district court reasonably concluded that a 16-month sentence on the methamphetamine-distribution count was appropriate. In doing so, the court pointed out that Skibbe did not simply sell drugs for profit. Instead, he traded drugs for a

deadly weapon that he intended to use to kill two people and then to incite the police to kill him. Although the district court did not weigh the factors as Skibbe would like, its balance was reasonable.

Skibbe's argument "boils down to an assertion that the district court should have balanced the § 3553(a) factors differently." *United States v. West*, 962 F.3d 183, 191 (6th Cir. 2020) (citation omitted). But on appeal we do not rebalance the factors; we simply ensure that the district court's balance was reasonable. *Id.* Because the district court did not abuse its broad sentencing discretion, we affirm.